IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
|     *Plaintiff,* | ) Civil Action No. 3:24-cv-00019 |
| v. | ) JUDGE RICHARDSON |
| INTERNAL REVENUE SERVICE, et al., | ) MAGISTRATE JUDGE FRENSLEY |
|     *Defendants*. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY AND TO FILE UNREDACTED COMPLAINT UNDER SEAL**

Plaintiff John Doe ("Plaintiff") seeks leave from this Court to proceed pseudonymously as "John Doe" in this action rather than having to disclose his true identity. Plaintiff also seeks leave to file a non-anonymized copy of this complaint, with unredacted exhibits under seal, which Plaintiff would then serve on the Defendants.

Federal Rule of Civil Procedure 10(a) generally requires a complaint to "name all the parties," in the action, including the Plaintiff. However, the Sixth Circuit has recognized that a court may "excuse plaintiffs from identifying themselves in certain circumstances," particularly when significant privacy interests are at issue. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In making this determination, the Sixth Circuit has explained that

> [s]everal considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs

1

> to disclose an intention to violate the law, thereby risking criminal prosecution; and
> (4) whether the plaintiffs are children.

*Id*.

Factor number one—*i.e.* that Plaintiff is challenging governmental activity—strongly supports Plaintiff's request to proceed pseudonymously. *See*, *e.g.*, *K.G. v Board of Educ. Of Woodford Cnty*, No. 5:18-CV-555, 2019 WL 4467638, at *3 E.D. Ky. Sept. 18, 2019 ("[C]ourts are generally less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity 'seeking to have a law or regulation declared invalid.'") (internal quotations omitted). Plaintiff is an adult resident of a county within the Middle District of Tennessee, and he acted as an IRS whistleblower under that agency's confidential whistleblower program. The entire basis for this lawsuit is the IRS' decision to cap the award paid to Plaintiff in that whistleblower capacity, a decision that Plaintiff alleges violates the Administrative Procedure Act. This clearly constitutes a challenge to government action, and thus plainly weighs in favor of the request to proceed pseudonymously.

At the same time, the fact that Plaintiff was acting as an IRS whistleblower is itself a matter of the "utmost intimacy." Private-citizen whistleblowers perform a critical service to the government, helping the United States to recover funds and combat fraud that it may not have ever known about otherwise. But such whistleblowers can also be subject to significant harassment, retaliation, and diminished future opportunities. That is why the IRS prohibits its agents from revealing the identity of such a whistleblower without his or her consent, even after the investigation and any related enforcement action has ended. *See* IRS, INTERNAL REVENUE MANUAL § 25.2.1.5.4, Protection of Whistleblower Information (11-30-23) at ¶ 1 (The identity or existence of a whistleblower must not be disclosed to anyone, including other IRS officials or

employees except on a 'need to know' basis in the performance of official duties"); *see also id*. ¶ 3 ("To the fullest extent permitted by the law, the IRS will protect the identity of the whistleblower and will neither confirm nor deny the existence of a whistleblower."). And that is why whistleblower submissions to the IRS are treated as "return information" under the Internal Revenue Code ("IRC"), which makes such submissions per se "confidential" by law, except in specific, narrowly defined circumstances—none of which apply here. 26 U.S.C. § 6103.

The target of an IRS whistleblower proceeding is also afforded significant privacy protections under the IRC, as enforcement actions against an individual or entity will typically involve protected return information. Unlike in *qui tam* False Claims Act cases—which are filed in court and ultimately unsealed—IRS whistleblower proceedings are conducted administratively and there is a presumption that the identities of the both the whistleblower and target will remain confidential, even after the enforcement action has concluded. And given that there is usually some identifiable connection between a whistleblower and his or her target, revealing the whistleblower's identity will make it much easier for the public to identify the target as well. And in this case, there is no sound reason to identify either one.

As a matter of public policy, the government's endorsement of whistleblower anonymity also weighs heavily in favor of Plaintiff's request to proceed under a pseudonym here. If IRS whistleblowers had to reveal their identities any time they sought to challenge a governmental award, that would create a perverse incentive for underpaying whistleblowers, as the government would know that some whistleblowers would simply accept the underpayment rather than face the risks of revealing themselves in public litigation. Protecting the identity of whistleblowers in litigation such as this one ultimately benefits the public for much the same reason as allowing the

3

initial whistleblower submissions to the IRS to be confidential. Protecting whistleblowers encourages the practice of blowing the whistle on tax fraud, which benefits all American taxpayers.

The Government's rights and interests as a litigant in this case will not be harmed in any way by granting this motion. The IRS already knows Plaintiff's identity, and Plaintiff's counsel communicated with both the IRS and the U.S. Attorney's Office for the Middle District of Tennessee about Plaintiff's plan to proceed pseudonymously, so granting Plaintiff's motion will not result in any form of unfair surprise or limit the Government's ability to prepare and litigate any defenses it may wish to raise. Moreover, Plaintiff is specifically asking this Court to grant Plaintiff's counsel leave to fill a non-anonymized, non-redacted complaint, including unredacted copies of all complaint exhibits, under seal, and to then serve them on Defendants, so that both the Court and Defendants will have full access to all materials Plaintiff is relying upon in pursuing his claims. And by proceeding pseudonymously, rather than seeking to seal the entire case record, Plaintiff will largely preserve the public's interest in open and accessible legal proceedings. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."); *In re N.Y. Times Co.*, 585 F. Supp. 2d 83, 91 (D.D.C. 2008) (concluding that protecting an informant's identity did not require sealing of documents but could be accomplished through the redaction of the informant's name). In short, granting this motion will protect Plaintiff's rights without prejudicing Defendants' rights at all or impeding the public's right to open judicial proceedings.

Accordingly, for the reasons set forth above, Plaintiff requests that this Court grant his Motion and enter his proposed order permitting him to proceed pseudonymously in this case.

4

Case 3:24-cv-00019   Document 7   Filed 01/09/24   Page 4 of 6 PageID #: 219

Dated: January 9, 2024              Respectfully Submitted,

/s/ Jerry E. Martin
Jerry E. Martin (TNBPR No. 20193)
Seth M. Hyatt (TNBPR No. 31171)
Barrett Johnston Martin & Garrison, PLLC
200 31st Ave. N
Nashville, TN 37203
(615) 244-2202
Fax: (615) 252-3798
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com


Dean Zerbe (VA Bar No. 42044)*
Steven Miller (DC Bar No. 367118)*
Zerbe, Miller, Fingeret, Frank
& Jadav, L.L.P
3009 Post Oak Blvd., Suite 1700
Houston, TX 77056
(713) 350-3529
Fax: (713) 350-3607
dzerbe@zmflaw.com
smiller@zmflaw.com

Attorneys for Plaintiff

*motion for admission pro hac vice forthcoming*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Memorandum of Law in Support of Plaintiff's Motion to Proceed Pseudonymously* will be served to the following defendants via Certified Mail as part of the initial service of summons packages:

INTERNAL REVENUE SERVICE
1111 Constitution Avenue, N.W.
Washington, D.C. 20004

DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

UNITED STATES OF AMERICA
Hon. Merrick Garland
Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

U.S. Attorney Henry C. Leventis
U.S. Attorney for the Middle District of Tennessee
719 Church Street
Suite 3300
Nashville, Tennessee 37203

/s/ Jerry E. Martin
Barrett Johnston Martin & Garrison, PLLC