IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-cv-00019 |
| ) | Judge Richardson/Frensley |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**I. INTRODUCTION**

Plaintiff John Doe brought this action against the Internal Revenue Service ("the IRS"), the Department of the Treasury, and the United States of America (collectively, "the Government") under the Administrative Procedure Act ("the APA") (5 U.S.C. § 553, 706) to challenge the cap on his award as a whistleblower who participated in an IRS investigation against an entity ("the Taxpayer") that allegedly led to the collection of over $1,6000,000,000. Docket No. 1 (Complaint). The Government has filed a Motion to Dismiss, which is pending. Docket No. 34.

This matter is now before the Court upon "Plaintiff's Motion to Proceed Pseudonymously and to File Unredacted Complaint Under Seal." Docket No. 6. Mr. Doe has also filed a Supporting Memorandum. Docket No. 7. The Government has filed a Response in Opposition. Docket No. 19. Mr. Doe has filed a Reply and a supporting Declaration. Docket Nos. 22, 22-1. The Government has filed a Sur-Reply. Docket No. 27. For the reasons set forth below, Mr. Doe's Motion (Docket No. 6) is GRANTED.

## II. LAW AND ANALYSIS

### A. Request to Proceed Under a Pseudonym

As set forth more fully in the Complaint, it is undisputed that Mr. Doe is a whistleblower who provided information and assistance that led to the recovery of a large amount of tax revenue by the Government. Docket No. 1. It is further undisputed that Mr. Doe's true name has been protected from disclosure throughout the investigation in which he participated pursuant to statutes and internal IRS rules that prohibit the disclosure of whistleblower identities. *See* 26 U.S.C. § 6103; IRS, Internal Revenue Manual § 25.2.1.5.4, Protection of Whistleblower Information (11-30-23) at ¶ 3 ("To the fullest extent permitted by the law, the IRS will protect the identity of the whistleblower and will neither confirm nor deny the existence of a whistleblower."). Mr. Doe would like to extend that protection to this lawsuit by proceeding under a pseudonym. Docket Nos. 6, 7.

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a), 17(a)(1). In exceptional cases, the court may grant an order allowing a plaintiff to proceed under a pseudonym. To obtain such an order, a plaintiff must show that his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Court considers several factors in making this determination, including: (1) whether the plaintiff seeking anonymity is suing to challenge a governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels the plaintiff to disclose an intention to violate the law; and (4) whether the plaintiff is a child. *Id.*; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). The decision of

whether to grant leave to proceed under a pseudonym is within the discretion of the Court. *Porter*, 370 F.3d at 560.

Mr. Doe does not claim to be a child or to have an intent to violate the law, eliminating the relevance of the third and fourth *Porter* factors. As to the first two, Mr. Doe asserts that "[f]actor number one—*i.e.* that Plaintiff is challenging governmental activity—strongly supports Plaintiff's request to proceed pseudonymously." Docket No. 7, p. 2. He states that "[t]he entire basis for this lawsuit is the IRS' decision to cap the award paid to Plaintiff in that whistleblower capacity, a decision that Plaintiff alleges violates the Administrative Procedure Act." *Id.* Mr. Doe maintains that "the fact that [he] was acting as an IRS whistleblower is itself a matter of the 'utmost intimacy,'" satisfying the second *Porter* factor. *Id.* at 2-3.

Mr. Doe also contends that it is in the interests of public policy to allow him to proceed under a pseudonym because "[i]f IRS whistleblowers had to reveal their identities any time they sought to challenge a governmental award, that would create a perverse incentive for underpaying whistleblowers, as the government would know that some whistleblowers would simply accept the underpayment rather than face the risks of revealing themselves in public litigation." *Id.* at 3. He identifies those risks as "significant harassment, retaliation, and diminished future opportunities." *Id.* at 2. Further, he argues that the Taxpayer's identity is also protected pursuant to IRS internal rules, and that "given that there is usually some identifiable connection between a whistleblower and his or her target, revealing the whistleblower's identity will make it much easier for the public to identify the target as well." *Id.* at 3.

Finally, Mr. Doe asserts that the Government would not be prejudiced by his proceeding pseudonymously, because he proposes to file "a non-anonymized, non-redacted complaint, including unredacted copies of all complaint exhibits, under seal, and to then serve them on

3

Defendants, so that both the Court and Defendants will have full access to all materials Plaintiff is relying upon in pursuing his claims." *Id.* at 4. He states that "[t]he IRS already knows Plaintiff's identity, and Plaintiff's counsel communicated with both the IRS and the U.S. Attorney's Office for the Middle District of Tennessee about Plaintiff's plan to proceed pseudonymously, so granting Plaintiff's motion will not result in any form of unfair surprise or limit the Government's ability to prepare and litigate any defenses it may wish to raise." *Id.*

The Government disagrees, arguing that "the first Porter factor functions to filter out suits for which pseudonym relief is almost never appropriate, not to suggest that a pseudonym is appropriate in any suit challenging government activity." Docket No. 19, p. 5. As to the second factor, the Government notes that Mr. Doe did not submit a "declaration or other evidence to establish the nature of his privacy interest or the potential harm he would suffer should his identity be revealed," relying instead on a "conclusory submission, devoid of any actual evidence or specific allegation, [that is] insufficient to establish that his interest in anonymity substantially outweighs the public's interest against anonymous litigation." *Id.* at 5-6. The Government argues that this Court should consider applying additional factors identified by the United States Tax Court, including "whether identification poses a risk of retaliatory physical harm to the whistleblower or even more critically, to innocent non-parties" and "whether there is a risk of other harm, such as social or professional stigma, or economic duress." *Id.* at 3 (internal quotation marks and citations omitted).

Responding to Mr. Doe's public policy arguments (which the Government describes as "insufficient"), the Government maintains that "this Court has already noted that the public interest is one factor that a court need not consider in exercising its discretion" because "the public's interest is built into the presumption in favor of open proceedings." *Id.* at 7, *citing Doe*

4

Case 3:24-cv-00019   Document 38   Filed 07/26/24   Page 4 of 10 PageID #: 380

*v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:23-cv-00736, 2023 U.S. Dist. LEXIS 172249, 2023 WL 6211372, at *3, n.5 (M.D. Tenn. Sept. 25, 2023). The Government disputes Mr. Doe's assertion that it would suffer no prejudice from his continued anonymity, characterizing that assertion as "clearly untrue" because "[t]here is an obvious administrative burden to litigating an APA challenge pseudonymously, most obviously in the myriad redactions that would undoubtedly have to accompany whatever administrative record is ultimately certified." *Id.*

Noting that the *Porter* factors are not exhaustive, Mr. Doe asserts that "to not allow the Plaintiff to proceed pseudonymously would run counter to the public policy of protecting informants and taxpayer information." Docket No. 22, p. 3, *citing Whistleblower 14106-10W v. Comm'r*, 137 T.C. 183, 202-05 (U.S.T.C. 2011) (noting "the IRS' stated policy to treat tax whistleblowers as confidential informants" and granting anonymity to the whistleblower in part because the Court granted summary judgment on a "threshold legal issue which does not depend to any appreciable extent on petitioner's identity," such that "the public's interest in knowing petitioner's identity is relatively weak"). Mr. Doe argues that "as this case revolves on legal issues concerning the APA, it bears repeating that the identity of the parties is of no legal relevance and certainly not essential to the public's understanding of Defendants' violation of the APA in this case." *Id.* at 5.

Referring to his Declaration, Mr. Doe contends that "special circumstances genuinely exist as to the potential harm faced by the Plaintiff and the public." *Id.* at 4. Specifically, he maintains that his Declaration "outlines concrete and particularized harm to [his] financial and personal livelihood, emotional wellbeing, future career and business opportunities, reputation, and more." *Id.* at 4-5. Mr. Doe also reiterates that the Taxpayer is at risk for harm as its identity

would likely be exposed if Mr. Doe's identity is made public, asserting that "the Taxpayer's identity should not be revealed as it is not a party to this case and its identity is not relevant to the case given the Defendants have already issued a finding as to the collected proceeds in Plaintiff's underlying whistleblower matter." *Id.* at 5, *citing* IRC § 6103(h)(4)(A) ("section 6103").

The Government urges the Court to disregard both Mr. Doe's Declaration and his arguments based upon it, as "[a]rguments raised for the first time in reply briefs are generally considered to be waived." Docket No. 27, p. 1. Even if considered by the Court, the Government maintains that Mr. Doe's Declaration does not support his assertion that the exposure of Mr. Doe's name would reveal information of the utmost intimacy. *Id.* at 2. The Government argues that Mr. Doe "rests on 'general allegations of risk' that are inadequate to justify pseudonymity." *Id.* at 3, *quoting Doe v. Lee*, No. 3:22-cv-00569, 2023 U.S. Dist. LEXIS 47395, 2023 WL 2587790, at *4 (M.D. Tenn. Mar. 21, 2023).

As to Mr. Doe's argument that revealing his name would lead to the impermissible exposure of the Taxpayer's name as well, the Government contends that section 6103 does not require Mr. Doe to keep the Taxpayer's name secret because section 6103 only applies to information obtained from an officer or employee of the United States and "[Mr. Doe] does not allege—and it would be nonsensical of him to do so—that he learned the identity of the underlying company because of return information provided to him by the IRS." *Id.* at 4. Further, the Government notes that "section 6103 expressly authorizes the disclosure of this type of information in litigation when 'the proceeding arose out of, or in connection with, determining the taxpayer's civil' liability." *Id.*, *quoting* 26 U.S.C. § 6103(h)(4). The Government maintains that "[w]hile section 6103 may protect the identity of the plaintiff and the underlying business

6

Case 3:24-cv-00019    Document 38    Filed 07/26/24    Page 6 of 10 PageID #: 382

before litigation, those protections must—and routinely do—yield once the plaintiff decides to step through the courthouse door." *Id.* at 5.

Of the *Porter* factors, the Court finds that only the first (the plaintiff is challenging governmental activity) supports Mr. Doe's request. Mr. Doe concedes that the third and fourth factors do not apply, and the Court is not convinced that the information Mr. Doe would have to disclose (the fact that he was an IRS whistleblower) constitutes "information of the utmost intimacy" as contemplated by the *Porter* Court. Nevertheless, these four factors are not exhaustive, as *Porter* itself makes clear, and the Court is persuaded that in this case, other factors weigh toward allowing Mr. Doe to proceed under a pseudonym. The Court agrees that whistleblowers who believe they were underpaid might well be deterred from coming forward if they had to reveal their true names, which were protected throughout the IRS investigation pursuant to the relevant statutes and IRS rules because it is generally accepted that being identified as an IRS whistleblower may not be an asset to an individual who assists the IRS.[1] Further, beyond the privacy interests of individual whistleblowers, the public has an interest in ensuring that public agencies such as the IRS are not violating the law, which interest may be served by suits of this nature.[2]

---

[1] The Court acknowledges that the Tax Court has stated that whistleblowers should not be allowed to proceed anonymously "as a matter of course" merely because doing otherwise might deter them from challenging decisions of the IRS Whistleblower Office in court. *See Whistleblower 14377-16W*, 2021 WL 4428937, at *17. Here, the Court's decision is based on several factors, of which the potential deterrence of legal challenges is only one. Further, the Tax Court itself has demonstrated elsewhere that it does indeed consider the public's interest in determining whether to grant anonymity to plaintiffs. *See, e.g.*, *Whistleblower 14106-10W*, 137 T.C. at 205.

[2] The Court is somewhat perplexed by the Government's assertion that "the public interest is one factor that a court need not consider in exercising its discretion." Docket No. 19, p. 7. The observation of the Court in *Metro. Gov't of Nashville* that "the consideration of the public interest is not a factor requiring special consideration in determining whether to allow a party to proceed anonymously" is clearly directed to the public's interest in open court proceedings. 2023 WL

The Court is also inclined to consider the interests of the Taxpayer, which is not a party to this lawsuit, and which is subject to being identified if Mr. Doe's true name is exposed. While the Court recognizes that section 6103 does not require the protection of the Taxpayer's identity at the litigation stage, consideration of the privacy interests of non-parties is generally appropriate.

Most importantly, Mr. Doe's identity (and that of the Taxpayer) is not relevant to the facts of this case nor the public's understanding of it. As the Government states, "[o]ne of the fundamental tenets of public courts is the right of the public to know how those courts are being used." Docket No. 19, p. 1. But Mr. Doe's identity is not relevant to the question of how the courts are being used in this instance—it is his status as a whistleblower that matters. *See Whistleblower 14106-10W*, 137 T.C. at 205.

Whether the IRS violated the APA when setting the cap for whistleblower awards, as Mr. Doe contends, has no relationship to who Mr. Doe is.

For these reasons, and because the issue can always be revisited at a later time if it should become clear that Mr. Doe's identity is in fact relevant to the substance of the lawsuit, the Court finds that Mr. Doe may continue to proceed under a pseudonym.

B. **Request to File a Sealed Complaint and Related Exhibits**

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of

---

6211372, at *3, n.5. Other interests of the public, such as those described above, are not subsumed by a preference for open court proceedings. In some instances, such as this, the public may also have an interest in the protection of a plaintiff's identity.

judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06, *quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306, *quoting Brown & Williamson*, 710 F.2d at 1176. "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

Because the Court finds that Mr. Doe's true name and information that would identify him should be protected in this case, the Court will also allow Mr. Doe to redact such

information from the public filings. The redactions must only include identifying information, so that the seal is narrowly targeted and the public's interest, which is substantial, will be protected by allowing public access to enough information to understand the merits of the case and its eventual disposition. As noted above, the public's interest in this instance does not extend to Mr. Doe's or the Taxpayer's identities, which are irrelevant to the claims and defenses in this action.

### III. CONCLUSION

For the foregoing reasons, Mr. Doe's Motion (Docket No. 6) is GRANTED. Mr. Doe may proceed under a pseudonym, and may file an unredacted Complaint and related exhibits under seal. Mr. Doe must serve the Government with any sealed documents filed with the Court.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

10

Case 3:24-cv-00019   Document 38   Filed 07/26/24   Page 10 of 10 PageID #: 386